## In re NIFEDIPINE ANTITRUST LITIGATION

### No. MDL 1515.

Judicial Panel on Multidistrict Litigation.

May 29, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of seven actions: five actions in the District of the District of Columbia and two actions in the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Elan[1] and Biovail[2]

defendants to centralize these actions in the District of the District of Columbia for coordinated or consolidated pretrial proceedings. All responding parties agree that centralization is appropriate. The Teva[3] defendants support centralization in the District of Columbia forum, while all plaintiffs suggest selection of the Southern District of New York as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of the District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that i) defendants entered into an agreement designed to prevent competition in the markets for 30 mg. and 60 mg. doses of generic nifedipine in the United States and ii) this agreement eliminated price competition in violation of the federal and/or various state antitrust statutes. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of the District of Columbia is an appropriate transferee district for this litigation. We note that i) five of the seven actions are currently pending there before Judge Richard J. Leon, and ii) the docket in the District of Columbia court is well suited

---

* Judge Motz took no part in the decision of this matter.

1. Elan Corp., plc (Elan) and Elan Pharmaceutical Research Corp.

2. Biovail Corp. (Biovail) and Biovail Technologies, Ltd.

3. Teva Pharmaceutical Industries Ltd. (Teva) and Teva Pharmaceuticals USA, Inc.

for the expeditious handling of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the Southern District of New York are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Richard J. Leon for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1515—In re Nifedipine Antitrust Litigation*

*District of the District of Columbia*

*A.F. of L.—A.G.C. Building Trades Welfare Plan v. Biovail Corp., et al.,* C.A. No. 1:02–1343

*United Food & Commercial Workers Local 56 Health & Welfare Fund v. Biovail Corp.,* et al., C.A. No. 1:02–1377
*Alvin Shiggs, et al. v. Biovail Corp., et al.,* C.A. No. 1:02–1777
*SAJ Distributors, Inc., et al. v. Biovail Corp., et al.,* C.A. No. 1:02–1931
*Sidney Hillman Health Center of Rochester, Inc. v. Elan Corp., PLC., et al.,* C.A. No. 1:02–2121

*Southern District of New York*

*CVS Meridian, Inc., et al. v. Biovail Corp., et al.,* C.A. No. 1:02–9089
*Meijer, Inc., et al. v. Biovail Corp., et al.,* C.A. No. 1:02–9941